### *In re* ESTES & CARTER.

#### *(Circuit Court, D. Oregon.   December 13, 1880.)*

1. FRAUDULENT CONVEYANCE—SUBSEQUENT JUDGMENT—LIEN.—The statute of Oregon concerning fraudulent conveyances provides, among other things, that every conveyance of any estate in lands "made with intent to hinder, delay, or defraud creditors of their lawful demands, * * * as against the person so hindered, delayed, or defrauded, shall be void." *Held,* under this statute, that until the conveyance is set aside a mere equitable right remains in the creditor, which he may or may not enforce, and until he does enforce it the estate is in the grantee, and upon it a judgment creditor acquires no lien by his judgment.—[ED.

In Bankruptcy.   Error to the district court.

FIELD, C. J.   In July, 1877, Levi Estes and Charles M. Carter, as partners, composing the firm of Estes & Carter,

and as individuals, were adjudged bankrupts by the district court of Oregon.

In May of the previous year, 1876, Estes was the owner of an undivided half interest in certain real property in the city of Portland, in that state; and, being at the time insolvent, he conveyed the same, subject to a mortgage thereon, to one Cole, with intent to hinder, delay, and defraud his creditors. Subsequently to this conveyance several judgments were obtained by different parties against the bankrupts as partners; and one judgment was obtained against Estes individually, all of which were duly docketed in the county where the property was situated, so as to become a lien upon it, if, after the conveyance, it could be subject to the lien of the judgments.

In December, 1879, the conveyance was set aside by the decree of this court in a suit brought by the assignee of the bankrupts; and afterwards the property was sold by him, free from all liens except that of the mortgage mentioned, and the proceeds he now holds for distribution.

Of the claims proved against the estate of the bankrupts, over $8,000 are against Levi Estes individually, of which $836 are in judgment; and over $11,000 are against the bankrupts as partners, of which $4,361 are in judgments. The assets in the hands of the assignee for distribution are about $6,000, all of which have been derived from the separate property of Estes. The question for decision is whether the judgment creditors acquired by their judgments a lien upon the real property of Estes, so as to entitle them to these assets in preference to the other creditors. The district court held that they did not acquire a lien on the property by their judgments, and that the assets must be applied to the payment of the claims against Estes' individual estate, without regard to their asserted liens. The judgment creditors have, therefore, brought the case to the circuit court on writ of error. The statute of Oregon concerning fraudulent conveyances is similar to that of other states, and is taken substantially from section 5 of 13 Elizabeth. It provides, among other things, that every conveyance of any estate in lands "made with intent to hinder, delay, or defraud creditors of

their lawful demands, * * * as against the person so hindered, delayed, or defrauded, shall be void." The conveyance in such case, notwithstanding this strong language, is only voidable on the election of the creditor, and is only made void by proceedings to set it aside, or to defeat its operation. It is good as between the parties and passes the estate. If a third party acquire the property from the fraudulent grantee for value without notice, he will hold the property even as against the ·defrauded creditor. All of which shows that the property after the conveyance cannot, in strictness, be said to belong to the grantor, and as such to fall at once under the lien of judgment recovered against him.

The fraudulent conveyance may be defeated by a direct proceeding to set it aside, or in some states by the judgment creditor proceeding by levy upon and sale of the property, he thus asserting the invalidity of the conveyance as against him under the statute. When this latter proceeding is authorized, it is only from the date of the levy that the creditor's right to the property, as against the fraudulent grantee, can be deemed to attach.

But how far and under what circumstances judgments shall be a lien upon property of the debtor fraudulently conveyed to others is a matter of local law. When that is ascertained efficacy will be given to it in the courts of the United States. In some states it is said that a judgment is a lien upon the property of a debtor fraudulently transferred. When that is the case, the position for which the judgment creditors here contend will be maintained; but in Oregon the rule we have stated is the one which prevails, and that is that until the conveyance is set aside a mere equitable right remains in the creditor, which he may or may not enforce, and until he does enforce it the estate is in the grantee, and upon it a judgment creditor acquires no lien by his judgment.

The decree of the district court is therefore affirmed.

NOTE. See *In re Ester & Carter*, 3 FED. REP. 134.